Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, REVERSES the Opinion and Award of the Deputy Commissioner and finds and concludes as follows:
The Full Commission finds the following as a stipulated fact which was agreed upon by the parties prior to the hearing before the Deputy Commissioner
STIPULATION
The parties agreed that this matter should be determined by the Deputy Commissioner based upon a set of stipulated facts set forth in a letter dated 25 July 1995 from defendant's counsel, along with the entire contents of the Industrial Commission file.
* * * * * * * * *
Based upon the competent evidence of record, the Full Commission rejects the findings of fact by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On 19 July 1990, Deputy Commissioner William L. Haigh entered an Opinion and Award ordering defendant to pay plaintiff compensation at the rate of $240.01 per week from 16 October 1986 and continuing thereafter for so long as plaintiff remained totally disabled, subject to a credit allowed defendant under the terms of the Opinion and Award. The Deputy Commissioner further concluded that plaintiff had not reached maximum medical improvement or the end of her healing period.
2. Pursuant to the Opinion and Award, defendant paid plaintiff compensation from 15 October 1986 to 10 May 1992. On 11 May 1992, plaintiff returned to work for defendant at an average weekly wage equal to her average weekly wage prior to her compensable injury. Plaintiff worked until June 8, 1992.
3. On 20 December 1991, defendant filed with the Industrial Commission a Form 33 request for hearing alleging that plaintiff was capable of working but not seeking employment.
4. Pursuant to defendant's request for hearing, this case was set for hearing before Deputy Commissioner Edward Garner on 1 June 1992. Due to an agreement reached by the parties prior to hearing, the Deputy Commissioner removed the case from the hearing docket and by the terms of his Order reserved the right of either party to reset the case for hearing in the future in the event the parties could not resolve their differences.
5. On 22 March 1993, employer's attorney filed an Industrial Commission Form 28B with the Industrial Commission and mailed identical copies of that form to plaintiff's counsel and plaintiff at her last known address. Plaintiff and plaintiff's counsel received copies of the Industrial Commission Form 28B filed with the Industrial Commission.
6. On 15 February 1995, plaintiff, through counsel filed an Industrial Commission Form 33, Request that Claim be Assigned for Hearing on the issue of permanent and total disability. On 3 March 1995, defendant filed an Industrial Commission Form 33R, Response to Request that Claim be Assigned for Hearing, alleging that plaintiff's claim for additional compensation was barred by N.C. Gen. Stat. § 97-47.
7. Plaintiff's Request that Claim be Assigned for Hearing was not filed within two years from 21 May 1992, the date plaintiff received her last compensation check, although it was filed within two years of the date the Form 28B was filed and sent to plaintiff. The Form 28B filed by defendant and mailed to plaintiff and her counsel informed plaintiff that the case was closed and that she had two years from the date of her receipt of the last compensation check within which to claim additional compensation.
8. Although the two-year period within which to claim additional indemnity compensation runs from the date the last compensation was paid, this rule is not applicable to the facts of this case, as plaintiff is claiming compensation for permanent disability arising from her compensable claim. The Opinion and Award previously entered herein by Deputy Commissioner William L. Haigh was an open award as all of plaintiff's compensable injuries could not have been determined at said time because, as the Deputy Commissioner found, plaintiff had not reached maximum medical improvement, or the end of her healing period. Based upon a letter from Dr. Pearce dated February 22, 1990 which is stipulated into evidence herein as part of the Industrial Commission file and which was stipulated into evidence before Deputy Commissioner Haigh, Dr. Pearce was unable to rate plaintiff for permanent partial disability as of said date without further examination.
9. Also, the Order of Deputy Commissioner Garner clearly reserved plaintiff's right to a hearing in the future on any issues the parties could not resolve by agreement. Defendant is therefore estopped from raising N.C. Gen. Stat. § 97-47 as a bar to plaintiff's claim for permanent disability as plaintiff is entitled to rely upon an Order of the Industrial Commission reserving the right by either party to a future hearing on any issues that cannot be resolved.
* * * * * * *
Based upon the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff's claim for additional compensation for permanent partial disability is not barred by N.C. Gen. Stat. § 97-47.
2. Plaintiff is entitled to a hearing on her claim for additional compensation for her permanent injuries. Prattv. Central Upholstery Co., 252 N.C. 716, 720-721,115 S.E.2d 27 (1960)
3. Plaintiff is entitled to additional compensation for medical expenses, without a showing of change of condition, for so long as medical treatments and evaluations are reasonably required to effect a cure of, provide relief from and/or would tend to lessen her disability. Hyler v. G.T.E. Prods. Co., 333 N.C. 258,425 S.E.2d 698 (1993).
* * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Under the law, plaintiff's claim for a hearing to adjudicate her claim for permanent disability arising from her compensable injuries is ALLOWED.
2. Defendant shall continue to pay all reasonable medical expenses incurred or to be incurred in the future by plaintiff when bills are submitted and approved through procedures adopted by the Industrial Commission.
3. Defendant shall pay the costs due this Commission.
4. This case is REMANDED to a Deputy Commissioner for a hearing on permanent disability.
 S/ ____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ____________ LAURA K. MAVRETIC COMMISSIONER
S/ ____________ J. RANDOLPH WARD COMMISSIONER
BSB:md